UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| DENNIS SCOTT FLORER, | ) | NO. CV-11-313-JPH |
| | ) | |
| | ) | **ORDER ADOPTING REPORT** |
| Petitioner, | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| SCOTT FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**BEFORE THE COURT** is the Report and Recommendation, ECF No. 26, to **deny** the Petition for a Writ of Habeas Corpus.

On April 11, 2012, Petitioner filed objections raising the same issues that were raised in his petition, ECF No. 27. While the Court finds the Report and Recommendation sufficient to address the Petitioner's Petition for Writ of Habeas Corpus, the Court offers the following clarifications in light of the Petitioner's objections to grounds two and four.

With regard to gound two, the Petitioner asserts that the Report and Recommendation fails to address that the Hearing Officer did not enter a finding on the record that safety concerns justified non-disclosure of the identity of the confidential informants who supplied evidence against the Petitioner.  Such a finding on the record is required under Wash. Admin. Code § 137-28-300(7).  However, petitions under 28 U.S.C. § 2254 are not directed at violations of state law but are instead focused solely on the issue of whether a petitioner is being held "in custody in violation of the Constitution or laws or treaties of the United

-1-

States." § 2254(a).  Violation of a state procedure that exceeds the requirements of Due Process, as expressed in *Wolff v. McDonnell*, 418 U.S. 539 (1974), does not give rise to a claim under § 2254.  *Walker v. Sumner*, 14 F.3d 1415, 1420 (1994) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  Nothing in *Wolff* suggests that Due Process requires disclosure of the identities of confidential informants in prison disciplinary proceedings.  *See Wolff*, 418 U.S. 539.  Consequently, any violation of Wash. Admin Code § 137-28-300(7) is an issue of state law not cognizable under § 2254.

With regard to ground four, the Court wishes to note that even if the Petitioner's speech were protected speech under the First Amendment, the actions by the prison officials in response to the Petitioner's actions, including his statements, were reasonably related to the legitimate penalogical interests of safety and stability.

The Court's clarifications having been made, and after having reviewed the Report and Recommendation and the files and records herein, the Court adopts the magistrate judge's report and recommendation in its entirety.

**IT IS ORDERED:**

1. The recommendation, **ECF No. 26,** to deny the Petition for a Writ of Habeas Corpus is **ADOPTED in its entirety**.

2. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment for Respondent, forward copies to the parties and Magistrate Judge Hutton, and **close the file.**

**DATED** this 2nd day of May 2012.

*s/ Rosanna Malouf Peterson*
CHIEF JUDGE ROSANNA MALOUF PETERSON
United States District Court